**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION**

| | | |
|---|---|---|
| Superior Grains, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING PLAINTIFF'S** |
| | ) | **MOTION TO DISMISS** |
| | ) | **COUNTERCLAIM** |
| | ) | |
| vs. | ) | |
| | ) | Case No. 4:07-cv-0032 |
| Commodity Solutions LLC, | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court is the Plaintiff's "Motion For Dismissal of Defendant's Counterclaim" filed on June 15, 2007. The Defendant filed a response to the motion on June 29, 2007. For the reasons set forth below, the Court denies the motion.

**I.   BACKGROUND**

The plaintiff, Superior Grains, Inc., owns and operates a commodities dealership that buys and sells peas, lentils, and chickpeas from and to private parties and processors. The defendant, Commodity Solutions LLC, is a commodities broker that acquires commodities for overseas shipment. On September 26, 2006, the parties entered into a contract for Superior Grains to provide yellow split peas to Commodity Solutions. See Docket No. 1-2. Superior Grains filed a complaint on April 10, 2007, alleging that Commodity Solutions breached the contract by failing to pay.

On June 4, 2007, Commodity Solutions filed a counterclaim and alleged that Superior Grains breached a later contract between the parties in November 2006. Commodity Solutions claims that it solicited a quote from Superior Grains when preparing and submitting a contract bid to provide

commodities to the United States Department of Agriculture (USDA).  See Docket No. 9.  Superior Grains submitted a quote on November 1, 2006.  See Docket No. 7-2.  According to Commodity Solutions, it assumed the quote included shipment costs.  See Docket No. 9.  Commodity Solutions indicates that it was awarded the USDA contract on November 2, 2006.  See Docket No. 9.  On November 3, 2006, Superior Grains informed Commodity Solutions that the quote did not include shipment costs.  See Docket No. 7-2.  Consequently, Commodity Solutions requested relief from the USDA because of the mistake.  See Docket No. 9.  Commodity Solutions contends that it had to fill a portion of the USDA contract with other commodities and suffered a loss of $70,000.00.  See Docket No. 9.  According to Commodity Solutions, the USDA terminated the contract and filled it by purchasing the commodities directly from Superior Grains.  See Docket No. 9.  Commodity Solutions argues that the parties had entered into a contract in which Superior Grains was to provide commodities to Commodity Solutions for the USDA contract and that Superior Grains failed to perform by not providing the requested commodities.  See Docket No. 9.  Commodity Solutions alleges breach of contract, unlawful interference with business relations, and tortious interference.

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Superior Grains filed a motion to dismiss Commodity Solutions' counterclaim for failure to state a claim.  See Docket No. 11.  Superior Grains contends that the parties never entered into a contract and, therefore, dismissal of the counterclaim is appropriate.

**II.    LEGAL DISCUSSION**

Rule 12(b)(6) of the Federal Rules of Civil Procedure mandates dismissal of a counterclaim if there has been a failure to state a claim upon which relief can be granted.  The standard that a

district court employs when ruling on a motion to dismiss is well-established. Crumpley-Patterson v. Trinity Lutheran Hosp., 388 F.3d 588, 590 (8th Cir. 2004). "A district court must accept the allegations contained in the [counterclaim] as true, and all reasonable inferences from the [counterclaim] must be drawn in favor of the nonmoving party." Id. (citing Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hafley v. Lohman, 90 F.3d 264, 266 (8th Cir. 1996)). The purpose of a motion to dismiss "is to test the formal sufficiency of the statement of the claim for relief; the motion is not a procedure for resolving a contest between the parties about the facts of the substantive merits of the [counterclaimant's] case." 5B Wright & Miller, Federal Practice and Procedure § 1356 (2004). When deciding on a motion to dismiss, the issue for the Court is not if the counterclaimant will ultimately prevail but if the counterclaimant is entitled to offer evidence to support its claims. See Thomson v. Olson, 866 F. Supp. 1267, 1270 (D.N.D. 1994).

A motion to dismiss should be denied if the counterclaim is legally sufficient and if the counterclaimant can conceivably prove a set of facts to support its counterclaim that would entitle it to relief. See United States v. Dairyland Ins. Co., 485 F. Supp. 539, 542 (D.N.D. 1980) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). A counterclaim should not be dismissed "merely because it does not state with precision all elements that give rise to a legal basis for recovery." Schmedding v. Tnemec Co., 187 F.3d 862, 864 (8th Cir. 1999). Further, a counterclaim "should not be dismissed merely because a [counterclaimant's] allegations do not support the particular legal theory [it] advances, for the court is under a duty to examine the [counterclaim] to determine if the allegations provide for relief on any possible theory." Bramlet v. Wilson, 495 F.2d 714, 716 (8th Cir. 1974) (citation omitted). "A motion to dismiss should be granted as a practical matter . . . only

in the unusual case in which . . . there is some insuperable bar to relief." Strand v. Diversified Collection Serv., Inc., 380 F.3d 316, 317 (8th Cir. 2004) (citations omitted).

Because a motion pursuant to Rule 12(b)(6) tests the formal sufficiency of the counterclaimant's statement of a claim for relief, as opposed to the merits of such a claim, motions pursuant to Rule 12(b)(6) must be read in light of Rule 8 of the Federal Rules of Civil Procedure. Webb v. Lawrence County, 950 F. Supp. 960, 966 (D.S.D. 1996). It is clear under the federal rules that it is not necessary to plead every fact with formalistic particularity. BJC Health Sys. v. Columbia Cas. Co., 348 F.3d 685, 688 (8th Cir. 2003).

In its memorandum in support of the motion to dismiss, Superior Grains argues that its quote was never accepted by Commodity Solutions and that the parties' alleged contract was invalid under the statute of frauds. See Docket No. 12. Superior Grains contends that there is no evidence of a contract between the parties and, as a result, Commodity Solutions' counterclaim should be dismissed. See Docket 12. However, "the purpose of a motion under Federal Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; the motion is not a procedure for resolving a contest between the parties about the facts of the substantive merits of the [counterclaimant's] case." 5B Wright & Miller, Federal Practice and Procedure § 1356 (2004).

At this stage of the litigation, the Court accepts as true the allegations made to support Commodity Solutions' counterclaim and draws all reasonable inferences in favor of Commodity Solutions. Having reviewed the counterclaim in light of the liberal standard of Rule 8(a) of the Federal Rules of Civil Procedure, the Court finds no basis at this stage for granting a dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

### III. CONCLUSION

For the reasons set forth above, the Court **DENIES** Superior Grains' Motion for Dismissal of Defendant's Counterclaim.  (Docket No. 11.)

**IT IS SO ORDERED**.

Dated this 1st day of November, 2007.

*/s/  Daniel L. Hovland*
Daniel L. Hovland, Chief Judge
United States District Court